21-0987-cv
Aiello v. Brown

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of November, two thousand twenty one.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             JOSEPH F. BIANCO,
                         *Circuit Judges*.

_____

JOSEPH AIELLO, MATTHEW DRAPKIN, ESTATE OF
DONALD DRAPKIN, MICHAEL J. PALMER, MICHAEL
J. PALMER AND VIRGINIA A. PALMER LIVING TRUST,
ADAM BERK, ROBERT SCHECTERSON, AMY GRABINO,
ANTHONY CAVALIERI, MELVIN GOLDBERG,
LAWRENCE KAYE, ANN KAYE, LAWRENCE G. KAYE
AND H. ANNE KAYE 1996 REVOCABLE LIVING TRUST,
TERRY WEBER, JOHN HELM, BRIAN KAFFEE, STUART
KAFFEE, KAFFEE CO. LLC, JASON PALMER, PAUL
SWISTAK, JAMES TISONY, DAVID SNIDER,

                *Plaintiffs-Appellants*,

                v.                                              21-0987-cv

HOWARD BROWN, MICHAEL BROWN, HITOUCH
NASHVILLE LLC, ARROWMARK COLORADO
HOLDINGS, LLC, DAVID CORKINS, STEVEN M.
GOLDMAN, JOHN EISINGER, MICHAEL NOVOSELLER,
SANJAI BHONSLE, KAREN REIDY, DANA STAGGS,
JOHN FRISK, ANDREW KOHN, MICHAEL CORNELL,

LES GOODMAN, ANDREW KOVACH, JAY NADEL,
RANDI SIDGMORE, BROWN (RI) INVESTMENT
COMPANY, LLC,

Defendants-Appellees.[1]

_____

| | |
|---|---|
| Appearing for Appellants: | Andrew St. Laurent, Harris St. Laurent & Wechsler LLP, New York, N.Y. |
| | |
| Appearing for Appellees: | Adam H. Offenhartz, Gibson, Dunn & Crutcher LLP (Tyler H. Amass, *on the brief*), *for* Defendants-Appellees ArrowMark Colorado Holdings, LLC, HiTouch Nashville, LLC, Sanjai Bhonsle, David Corkins, John Eisinger, Michael Novoseller, Karen Reidy, and Dana Staggs, New York, N.Y. |
| | |
| | Steven M. Kaplan, Rosenfeld & Kaplan, L.L.P. (Tab K. Rosenfeld, *on the brief*), *for* Defendants-Appellees Howard Brown, Michael Brown, Steven M. Goldman, John Frisk, Andrew Kohn, Michael Cornell, Les Goodman, Andrew Kovach, Jay Nadel, and Randi Sidgmore, New York, N.Y. |

Appeal from the United States District Court for the Southern District of New York (Torres, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs appeal from the March 31, 2021 order of the United States District Court for the Southern District of New York (Torres, *J.*), granting Defendants' motions to dismiss. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review. Because the district court only considered the issue of statutory standing, our analysis here will focus on the same.

This Court reviews de novo a district court's Rule 12(b)(6) dismissal. *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). Dismissal is warranted unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must contain more than "conclusory statements" or "naked assertions devoid of further factual enhancement." *Id.* (cleaned up). When a "complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation and internal quotation marks omitted).

To bring a claim under the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, a plaintiff must meet the requirement of "statutory standing," which is "simply a question of

---

[1] The Clerk of the Court is directed to amend the caption as above.

whether the particular plaintiff 'has a cause of action under the statute.'" *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014)). Although Section 10(b) of the Act does not explicitly provide a right of action for civil remedies, the Supreme Court endorsed an implied private right of action in *Blue Chip Stamps v. Manor Drug Stores*, limiting potential plaintiffs under Section 10(b) to "purchaser[s] or seller[s] of securities." 421 U.S. 723, 730, 749 (1975). In determining what types of transactions are considered a purchase or sale of securities, the *Blue Chip Stamps* Court stated:

> A contract to purchase or sell securities is expressly defined by [Section] 3(a) of the 1934 Act, 15 U.S.C. § 78c(a), as a purchase or sale of securities for the purposes of that Act. Unlike respondent, which had no contractual right or duty to purchase Blue Chip's securities, the holders of puts, calls, options, and other contractual rights or duties to purchase or sell securities have been recognized as 'purchasers' or 'sellers' of securities for purposes of Rule 10b-5, not because of a judicial conclusion that they were similarly situated to 'purchasers' or 'sellers,' but because the definitional provisions of the 1934 Act themselves grant them such a status.

*Id.* at 750–51 (footnotes omitted).

Plaintiffs concede they did not exercise their preemptive rights to purchase securities from any issuance of securities following their initial investment. Therefore, the issue here is whether Plaintiffs, as holders of preemptive rights, qualify as purchasers or sellers of securities such that they have statutory standing under Section 10(b) and Rule 10b-5.

The district court held that Plaintiffs have not demonstrated their statutory standing. We agree. Plaintiffs' preemptive rights are not securities as defined by the Securities Exchange Act: "The term 'security' means any note, stock, treasury stock, security future, security-based swap, bond, debenture, certificate of interest or participation in any . . . put, call, straddle, [or] option . . . ." 15 U.S.C. § 78c(10). The definitional provisions make no mention of preemptive rights. Plaintiffs argue that their preemptive rights are not so analytically different than the holder of an option, and therefore, they should be considered similarly. But "the definitional provisions of the 1934 Act themselves grant" options holders statutory standing, not a "judicial conclusion that they were similarly situated to purchasers or sellers." *Blue Chip Stamps*, 421 U.S. at 751 (internal quotation marks omitted).

The district court correctly concluded that Plaintiffs lacked a contractual right to purchase or sell a security because they did not "incur irrevocable liability." *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 67 (2d Cir. 2012) ("[A] securities transaction occurs when the parties incur irrevocable liability."). Here, Plaintiffs were offered an opportunity to purchase shares when Defendants transmitted the preemptive offer that Plaintiffs refused. But a transaction does not occur until the parties are committed to one another. "'Commitment' is a simple and direct way of designating the point at which, in the classic contractual sense, there was a meeting of the minds of the parties; it marks the point at which the parties obligated themselves to perform what they had agreed to perform even if the formal performance of their agreement is to be after a lapse of time." *Id.* at 68. The preemptive offer made to Plaintiffs was

simply that—an offer. *See* Brown (RI) Investment Company LLC Fourth Amended & Restated Operating Agreement §§ 4.3(a), App'x at 334 ("If the Board of Managers decides to cause the Company to issue additional Units or other equity securities of any kind or nature . . . each Common Member shall first be *offered the opportunity* to subscribe for such issuance of Equity Securities . . . ." (emphasis added)).

We have considered the remainder of the Plaintiffs' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk